UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80495-CIV-MARRA

TRACEY POTTS, as personal Representative
of the Estate of JOHN POTTS, deceased,

    Plaintiff,

vs.

JAMES M. HARVEY and US MULTICO
CO. INC.,

    Defendants,

and

JAMES M. HARVEY,

    Crossclaimant,

vs.

GEICO GENERAL INSURANCE COMPANY,

    Crossclaim Defendant.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendant/Crossclaimant's Motion to Remand. (DE 6). The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

This matter arises out of an automobile accident that occurred in August 2006. Plaintiff, Tracey Potts, originally filed a cause of action against Defendant, James M. Harvey ("Harvey") in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida in September 2006. In December 2010, a jury awarded an $8,000,000 verdict in favor of Plaintiff, finding Harvey to be 100% negligent. On March 28, 2011, Plaintiff filed a Motion to Join GEICO as a Party

Defendant, which was granted by the state court on April 14, 2011.  On April 21, 2011, Harvey filed a crossclaim against GEICO in which he asserted a new cause of action for bad faith.  On May 4, 2011, GEICO filed its Notice of Removal of Harvey's Crossclaim to this Court, relying exclusively on diversity of parties as its basis for jurisdiction.  28 U.S.C. § 1332.  On June 3, 2011, Harvey filed the Motion to Remand presently before the Court.

"No case . . . may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action.' "  See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 69 (1996) (quoting 28 U.S.C. 1446(b)).[1]  Here, the initial complaint was filed in September 2006, but GEICO's Notice of Removal was filed over 4 years later.  To avoid the clear restriction articulated in § 1446(b), GEICO asserts that Harvey's bad faith crossclaim is "separate and independent" from the underlying cause of action in negligence.  GEICO, however, does not assert that this matter is governed by § 1441(c), the subsection which outlines the procedure for removing a "separate and independent claim or cause of action."  Thus, the threshold question is

---

[1] § 1446(b), in its entirety, provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, **except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action**.

(Emphasis supplied).

whether, in cases removed to federal court based upon diversity jurisdiction, an exception to the one-year limitation of § 1446(b) exists for "separate and independent" claims.

The Court proceeds by first acknowledging that "[t]he rule of construing removal statutes strictly and resolving doubts in favor of remand is well-established." See Miedema v. Maytag Corp., 450 F.3d 1322, 1328-29 (11th Cir. 2006) (citing Syngenta Crop. Prot. Inc. v. Henson, 537 U.S. 28, 32 (2002); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)).  "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411(11th Cir. 1999).  "A removing defendant," in this case GEICO, "bears the burden of proving proper federal jurisdiction." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001)).

"A defendant's right to remove an action against it from state to federal court 'is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress.' " Global Satellite Communication Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004) (quoting 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3721, pp. 285-86 (3d ed. 1998)).  Initially, the only cases that could be removed from state to federal court on the basis of diversity jurisdiction were those involving complete diversity between each plaintiff and defendant.  See 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3722.3, p. 584 (4d ed. 2009). Eventually, Congress codified a separable-controversy provision, which allowed smaller, separable controversies within a larger lawsuit that involved diverse parties to be removed to federal court, while leaving the remaining matters that did not have complete diversity in state court.  See id. at 584.  In 1948, Congress revised that statutory scheme

3

governing removal and enacted 28 U.S.C. § 1441(c), which read:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C.A. § 1441(c) (1948), amended by 28 U.S.C.A. § 1441(c) (1990).  This revision was the first time that Congress applied a "separate and independent" controversy test to federal question cases, whereas in the past that test merely applied to diversity cases.  See 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3722.3, p. 586 (4d ed. 2009).  One important purpose of Congress enacting § 1441(c), despite its apparent expansion of the separable-controversy provision, was to limit removal from state courts.  See American Fire & Cas. Co. v. Finn, 341 U.S. 6, 9-10 (1951).

In 1990, Congress again amended § 1441(c) to read:

> Whenever a separate and independent claim or cause of action **within the jurisdiction conferred by section 1331 this title** is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

(Emphasis supplied).  This amendment, which is the current form of the statute, "restricted the availability of removal involving a 'separate or independent claim or cause of action' to situations in which the jurisdictionally sufficient claim providing the predicate for removal falls within the subject-matter jurisdiction conferred by Section 1331—the general federal question statute."  14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3722.3, p. 589 (4d ed. 2009).  Through the 1990 amendment, Congress eliminated diversity jurisdiction as a basis for removal pursuant to § 1441(c).  See e.g., Riddley v. Walgreen

4

Co., 549 F.Supp. 2d 806, 809 n. 4 (S.D. Miss. 2008) ("Although defendant purported to rely on § 1441(c) as the source of its right to remove, that statute only provides for removal of 'a separate and independent claim within the jurisdiction conferred by [28 U.S.C. § 1331],' the statute providing for federal question jurisdiction.  Section 1441(c), section does not apply to a removal based on diversity.  Thus, if Capital were entitled to remove . . . the source of that right would have to be § 1441(a)."); RK Dixon Co. v. Dealer Marketing Services, Inc., 284 F.Supp. 2d 1204, 1212 n. 10 (S.D. Iowa 2003) ("The 1990 amendment to 28 U.S.C. § 1441(c) made it inapplicable to cases founded on § 1332 diversity jurisdiction.").

Here, GEICO attempts to do precisely what Congress set out to prohibit through its 1990 amendment to § 1441(c): apply the "separate and independent" test to diversity cases.  GEICO's underlying argument is that because a bad faith claim in Florida is a "separate and independent" cause of action, the one-year limitation imposed by § 1446(b) commences anew when the "separate and independent" claim is asserted in the lawsuit.  However, whether a bad faith claim is "separate and independent" from an underlying claim in negligence is a question that Congress has deemed irrelevant when a party seeks to exercise its statutory right to removal in diversity cases.  Accordingly, GEICO's ability to remove this matter from state to federal court is barred by the one-year limitation imposed by § 1446(b).

The Court recognizes that other courts have reached different conclusions when considering the issue of whether a bad faith claim raised in Florida is tantamount to a new claim warranting a circumvention of the one-year time bar imposed by § 1446(b).  Compare Love v. Property & Cas. Ins. Co. of Hartford, 2010 WL 2836172 (M.D. Fla. 2010), Curran v. State Farm Mut. Auto. Ins. Co., 2009 WL 2003157 (M.D. Fla. 2009), and Lahey v. State Farm Mut. Aut. Ins. Co., 2007 WL 2029334 (M.D. Fla. 2007) (denying motions to remand bad faith claims raised

more than one year after the underlying action) with Arroyave v. State Farm Mut. Auto. Ins. Co., No. 08-14125-cv-Graham/Lynch (S.D. Fla. 2008), Daggett v. American Sec. Ins. Co., 2008 WL 1776576 (M.D. Fla. 2008), Suncoast Country Clubs, Inc. v. U.S. Fire Ins. Co., 2006 WL 2534197 (M.D. Fla. 2006), and McCreery v. State Farm Mut. Auto. Ins. Co., No. 07-80489-cv-Hurley/Hopkins (S.D. Fla. 2007) (granting motions to remand bad faith claims raised more than one year after the underlying action).

The progeny of cases that have favored removal, however, fail to discuss when it is appropriate to apply a "separate and independent" analysis in the removal context, let alone the statutory prohibition against such an application in the diversity context. In Lahey, the plaintiffs amended their initial complaint five years later to seek, for the first time, damages for insurer bad faith pursuant to Florida law. See 2007 WL 2029334 at *1. In deciding whether removal was appropriate pursuant to § 1446(b), the Middle District of Florida discussed whether a bad faith claim is "separate and independent of" an underlying uninsured motorist claim. See id. at *1-2. After answering this question in the affirmative, the Middle District concluded its analysis by stating:

> Since Plaintiffs' bad faith claim is a separate and distinct cause of action, Defendant was entitled to remove the bad faith claim within 30 days of when it was filed and was not precluded from filing it more than one year after the original UM claim was filed. 28 U.S.C. § 1446(b). [FN2]
>
> FN2. See Parks v. State Farm Mutual Automobile Ins. Co., Case No. 8:06-CV-811-T-26MSS (M.D. Fla. June 20, 2006) ("[a] claim for bad faith is a civil action distinct from an underlying contractual claim such that it does not accrue for removal purposes until the underlying contractual claim has been resolved").

Id. at *2. The Lahey court, however, failed to provide any rationale for its application of a "separate and independent" analysis to § 1446(b). Love and Curran, the two other relevant cases

6

relied on by GEICO that support removal, each simply cite to Lahey without providing any independent analysis for why a "separate and independent" analysis should be applied to a diversity case governed by § 1446(b). See Love v. Property & Cas. Ins. Co. of Hartford, 2010 WL 2836172 (M.D. Fla. 2010), Curran v. State Farm Mut. Auto. Ins. Co., 2009 WL 2003157 (M.D. Fla. 2009). Like Lahey, both of those cases simply discuss whether actions for bad faith are "separate and independent" from an underlying action, failing to provide any basis for applying that test to diversity cases.

GEICO's reliance on American Fire and Casualty Co. v. Finn, 341 U.S. 6 (1951), is also misplaced. Although Finn defined when an action is "separate and independent" from an underlying action, it was decided 39 years before Congress amended § 1441(c). At the time Finn was decided, § 1441(c) applied to both diversity and federal question cases. See 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3722.3, p. 586 (4d ed. 2009). Since the 1990 amendment to § 1441(c), however, the test articulated in Finn is no longer applicable to diversity cases, such as the one presently before the Court.

For all the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that this case is **REMANDED** to state court. The Clerk of Court is directed to transfer this case back to the Circuit Court of the Fifteenth Judicial District of Florida and **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of October, 2011.

_____
KENNETH A. MARRA
United States District Judge